ALEXANDER ETTRINGHAM *v.* CHARLES HANDY, AND CHARLES HANDY *v.* ALEXANDER ETTRINGHAM.

1. REPLEVIN. *Interpleader invoked. Claim filed. Sects. 1578 and 2628, Code 1880. Case in judgment.*

The defendant in an action of replevin made affidavit, as provided for by sect. 1578 of the Code, that H. claimed the property in controversy, and asked that he be summoned, as provided in that section, to defend the action. The court made no order for H. to be summoned, and none making him defendant, instead of the N., J. & C. R. R. Co., the original defendant. But H. made "oath of his claim" to the property and filed it, in accordance with sect. 2628 of the Code. An order was made continuing the case, with leave to the defendant to plead in vacation. At the next term of the court a judgment by default was rendered against E., the original plaintiff, and in favor of H. ; and the former appealed. In executing the writ of inquiry upon his judgment, H. offered evidence to show that he was entitled to recover as punitive damages, lawyers' fees, and other items of expenditure; but the court rejected the evidence, and H. took a cross-appeal. *Held,* that the court below erred in rendering judgment by default against E., because no issue could properly have been made between him and H. ; and the court also erred in

rejecting the evidence offered by H. to show that he was entitled to damages against E. for the wrongful taking of his property.

2. SAME. *Affidavit under sect. 1578, Code 1880. Effect as to claimant.*

Sect. 1578 of the Code of 1880 provides that upon the affidavit of a defendant, in any action for the recovery of personal property, showing that a third person has a claim to the subject of the action, an order may be made requring such third person to appear in a reasonable time, and maintain or relinquish his claim. And it further provides that if such third person appear, he shall be allowed to make himself a defendant in the action, instead of the original defendant. The act of the original defendant does not make the third person a defendant, but he becomes such on his own application, by leave of the court. Hence, H. never became a defendant, in the case above stated, instead of the original defendant, as he never applied for an order for that purpose, and none was made; but the N., J. & C. R. R. Co. was still the defendant, notwithstanding its affidavit under the section above mentioned.

-3. SAME. *Claim under sect. 2628, Code 1880. Proceedings thereon.*

Under sect. 2628 of the Code of 1880 a third person claiming goods taken under a writ of replevin, may propound his claim, and, after an adjudication as to the subject of the action between the original parties, may then, as a plaintiff, contest with the successful party as to the goods thus claimed. In the case above stated, as there was no adjudication between the original parties, there could not properly be any issue between E. and H., the latter having propounded his claim under sect. 2628; and it was error for the court to render judgment by default against E. and in favor of H.

4. SAME. *Claimant under sect. 2628. Plaintiff. Damages.*

The attitude of a third person claiming under sect. 2628, as H. did, in the case above stated, when the issue has been made up between him and the successful party in the action, is that of a plaintiff in a replevin suit, with all the rights of such, including the right to prove and recover damages, in a proper case, for the wrongful taking of the property; and he may do this without having specifically claimed damages or filed a bill of particulars thereof.

APPEAL and CROSS-APPEAL from the Circuit Court of Adams County.

Hon. RALPH NORTH, Judge.

The case is sufficiently stated in the opinion of the court, but it is deemed proper to set out here, in full or partially, certain sections of the Code of 1880, which are discussed and construed by the court. They are as follows: —

" Sect. 1578. Upon affidavit of a defendant before plea filed, in any action upon contract, or for the recovery of personal property, that a third party, a resident of this State, without collusion with him, has a claim to the subject of the

action, and that he is ready to pay or dispose of the same as the court may direct, the court may make an order for the safe-keeping or payment, or deposit in court, or delivery of the subject-matter of the action to such person as it may direct, and an order requiring such third party to be summoned to appear in a reasonable time, and maintain or relinquish his claim against the defendant."

" If such third party, being duly summoned, shall fail to appear, the court may declare him barred of all claim in respect to the subject of the action, against the defendant therein."

" If such third party appear, he shall be allowed to make himself defendant in the action at law, instead of the original defendant, who shall be discharged from all liability to either of the other parties, in respect to the subject of the action, upon his compliance with the order of the court for the payment, deposit, or delivery thereof. "

" Sect. 2628. If any third person, not a party to the action of replevin, shall claim to be the owner or entitled to the possession of goods or chattels taken under a writ of replevin, he shall not be allowed to institute another action of replevin, while the former is pending, but may make oath of his claim, and file it with the officer taking the property, or if he has delivered it to either of the parties, with the clerk of the court or justice of the peace," etc.

" Sect. 2629. After the trial of the action of replevin an issue shall be made up between the successful party and such claimant, as to the validity of his claim, and a trial shall be had," etc.

" Sect. 2631. Such claimant shall be considered a plaintiff in such issue," etc.

*Martin & Lanneau* and *T. Otis Baker*, for Ettringham, as appellant.

1. The main question presented in this case is as to the construction and application of two apparently conflicting statutes. Whether, after the original defendant in replevin

had filed an affidavit under the statute in relation to inter-pleader at law, the subsequent proceedings in the case were to be governed by sect. 1578 of Code of 1880, or by sects. 2628 to 2632? If the former statute fixed the *status* of the case, the plaintiff, Ettringham, was at no time in default, and the rulings of the lower court were erroneous in the par-ticulars assigned, and its judgment should be reversed. The two statutes in question are not in conflict with one another, but are applicable to different classes of cases ; the one, where the original defendant, having no interest in the subject-matter of the action, makes affidavit that a third party has a claim to the property, and the other, where the original defendant persists in asserting a right to the property, a trial of the action between him and the plaintiff is had, and an issue is afterwards made up between the successful party and the third party claimant. We insist that the case at bar was within the interpleader statute, sect. 1578, and that Handy, by operation of the same, became the defendant.

2. Even under the theory entertained by the lower court, at the trial, that sects. 2628 to 2632 comprised the law in the case, it was error to have held the plaintiff, Ettringham, in default before a judicial determination of the action of replevin ; for an issue under those statutes is not required to be made up until after the determination of such action.

*Calhoon & Green*, for Handy, as appellee.

Code, sect. 2628, provides that any third person may inter-pose a claim by filing on " oath of his claim." Handy did this, and the law required no more of him. Sect. 2631 makes the claimant a plaintiff as to the issue upon his claim. If Handy was plaintiff, it follows that Ettringham was defendant, and should have tendered issue by a traverse of the oath filed, or pleaded otherwise. Failing in either, he was liable to the judgment by default. Handy was claimant, and as claimant he was plaintiff, and was entitled to judgment by default. The court, being satisfied of this, will not stop to inquire

whether the entry was technically correct. Handy cannot be placed under the operation of Code, sect. 1578, because he had interposed his claim and become plaintiff before the disclaimer by the railroad company ; because : —

1. He was not made a party as the law prescribes.

2. He was in court as claimant already, and there was no power to change his attitude. The object of the law is to bring in an outsider to defend, if he wishes. Statutes are empirical, and it is enough to say that there is none authorizing a court to change the position of a party to the litigation, who has selected his place as a claimant.

3. If this could be done it could be only by process as the law prescribes. The proceedings in the replevin suit proper were *res inter alios acta* as to Handy, who is chargeable by law with no notice as to what the parties do.

*Calhoon & Green*, for Handy, as appellant.

The court below, in refusing evidence by the claimant Handy, of circumstances showing wilful wrong by the plaintiff, manifestly acted on the idea that, in this regard, the claimant occupied a less favorable position than the technical defendant, the disclaiming railroad company. We respectfully submit that this action was based on a misconception of the statutes. Ettringham had given bond, and had possession of the property. Code, sect. 2628, makes this bond stand as security to the claimant. Sect. 2630 practically makes this bond enure to the advantage of claimant "to the extent of his rights." Sect. 2631 provides that the claimant shall be "considered as plaintiff," in the trial of that issue. Sect. 2622 provides, in case of plaintiff's recovery, for the assessment of damages. Sect. 2638 gives the form of bond by plaintiff, embodying the payment of damages, in case any are sustained by reason of the wrongful procedure, and this section merely embodies the requirements of sect. 2617. The whole scheme of the law-makers was to simplify proceedings, and make the same bond protect in case of change of parties by the exigencies of the litigation. If claimants have "rights,"

and the law protects them by plaintiff's bond to pay " damages," clearly, it would seem that the damages they sustain are as much within " the extent " of such rights, as the property or its value.   Sect. 2628 is enough in itself.   If the bond of plaintiff " shall stand as security to the claimant if his claim is maintained," it must follow that it is to stand as complete security.   It cannot mean to secure the claimant fractionally.   It means fully, and he is not secured by it if the element of damages be overlooked.   But, to make assurance doubly sure, the Legislature proceeds, in sect. 2630, to prescribe that in case claimant succeeds, if a " bond was given by either party, he shall recover on such bond as if it had been payable to him ;" and sect. 2617 makes the plaintiff's bond to be conditioned to pay damages incident to wrongful suing out.

*S. S. Calhoon*, of counsel for the appellant, argued the case orally.

*Frank Johnston* and *Martin & Lanneau*, for Ettringham, as appellee.

The only error assigned by appellant is that the court below erred in overruling his motion to set aside the award of the jury, and for another writ of inquiry ; and this may include his exception to the ruling of the court in excluding his offer to prove exemplary damages.   If the claimant had assumed the attitude of a plaintiff, he was in default in not filing a declaration, or some pleading, setting out his right to the property, and to exemplary damages.

No claim whatever, for damages, was made in the cause by Handy, until the trial of the writ of inquiry, and then he filed what is termed a bill of particulars, showing the items of damages claimed.   That contained no suggestion of any claim for these remote or exemplary damages, or that the writ taken out originally by Ettringham was procured by malice.   It was, therefore, correct to exclude his proof of the unusual damages claimed by him.   Handy made no explanation of the items, but claimed the whole damages set up in this bill of particu-

lars ; and this without pleadings or notice of any kind of the ground of malice or oppression. The damages claimed did not spring immediately out of the taking of the cotton. It was remote and consequential. None of it was involved in the act of taking.

This court has said, recently, in a 'replevin case, that attorneys' fees would only be allowed in cases of malice, where punitive damages were recoverable. Such an item of damage, in such cases, would be part of a recovery of exemplary damages. We submit that these are not proximate, but consequential, and not connected immediately with the act of taking. Such damages ought to be specially pleaded, and certainly the ground of recovery should be fairly stated in some pleading.

*K. P. Lanneau* and *Frank Johnston*, of counsel for the appellee, argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

Ettringham brought replevin against the Natchez, Jackson and Columbus Railroad Company for cotton, which was taken under the writ and delivered to him upon the execution of a bond as required, and the defendant made affidavit as provided for by sect. 1578 of the Code of 1880, showing that Charles Handy claimed the cotton, and asked that he be summoned as provided for by that section. On the same day when the affidavit of the defendant was made, Charles Handy made oath of his claim to the cotton, and filed it in accordance with sect. 2628 of the Code. The court did not make an order for Handy to be summoned, nor was an order made allowing him to make himself defendant in the action instead of the original defendant. The only order made by the court was for the continuing of the case with leave to the defendant to plead and make the proper issue in vacation. At the next term of the court judgment by default was given against Ettringham, for want of a plea by him, and in favor of Handy. Ettringham asked to plead and make an issue immediately, but this was denied, and he assigns for error this action of the

court.  In executing the writ of inquiry following the judg-
ment he had thus obtained, Handy offered evidence to show
that Ettringham had taken the cotton by his writ of replevin
under circumstances entitling Handy to recover punitive dam-
ages, consisting of lawyer's fees, and other items incident to
his suit to recover his cotton, but the court rejected this
evidence, and Handy appealed, and complains of this ruling.

Sect. 1578 of the Code provides for bringing in a third
person, who may take the place of the original defendant
and contest with the plaintiff.  On the appearance and appli-
cation of such third person, he is to be allowed to make him-
self a defendant instead of the original defendant.  The act
of the original defendant does not make the third person a
defendant.  He becomes such on his own application by leave
of the court.  Handy might have become a defendant instead
of the original defendant; but he did not seek to be.  He
made his claim, as he had the right to do, under sect. 2628
of the Code, which entitles a third person claiming goods
taken under a writ of replevin to propound his claim, and,
after an adjudication as to the subject of the action between
the original parties, to contest with the successful party as to
the goods thus claimed.  Under sect. 2628 *et seq.* there must
be an adjudication between the original parties, after which
an issue is to be made between the successful party and the
claimant, who then becomes plaintiff in the contest with the
victor in the first action.

It follows that Handy did not become a defendant in the
original action instead of the original defendant, and that he
occupied the attitude of a plaintiff to contest with the suc-
cessful party in the original action as to the cotton, but until
there was an adjudication between the original parties as to
the cotton, no issue could lawfully be made up and tried
between Handy and either of the parties.  His adversary was
to be the victor in the first contest.  Who was he?  It was
assumed that the plaintiff in the action was, because the de-

fendant had proceeded under sect. 1578, and declined a contest; but there was no adjudication of the right to the cotton as between these parties. The N., J. & C. R. R. Co. was still a defendant, notwithstanding the affidavit made. The action was pending and undisposed of. The original defendant was not discharged from it, and the requirement of an issue to be made up between Handy and the "defendant" was premature. If a summons had been served on Handy, and he failed to appear, he would have been barred of all claim in respect of the cotton against the defendant. Then an adjudication could have been made as between the original parties, and when judgment had been rendered in favor of the plaintiff, he would have been the defendant in the issue sought to be made up by Handy.

There is no sort of conflict between sects. 1578, and 2628 *et seq.*, as supposed. They have different objects in view, and relate to different states of case. The former is for the benefit of defendants, who may, in the mode prescribed, secure immunity from conflicting claims to the subject of the action by a sort of interpleader, as between the rival claimants. Hence the provision for a summons to the third person, and for his becoming defendant instead of the original defendant, who may be discharged by procuring a substitute for himself, and by complying with the order of the court as to the subject of the action.

The other sections of the Code cited give a remedy to a third person, who claims what is seized in replevin. He is denied the right to bring replevin and thus introduce confusion by piling action upon action; but is allowed to put in his claim, to be contested with the successful party in the first contest. The original action is to be tried, and the winner in that is to encounter a plaintiff in the person of the third person who has interposed his claim.

The court erred in rendering judgment by default against Ettringham when he was not in default, and when no issue

could properly have been made between him and Handy, and
the court erred in rejecting the evidence offered by Handy to
show what he offered to show to entitle him to damages for
a wrongful taking of the cotton by Ettringham.  The attitude
of a third person, claiming as Handy did, when the issue is
made up between him and the successful party in the action, is
that of a plaintiff in a replevin suit, with all the rights of
such.  Nor is it an objection to his right to show damages
that he has not specifically claimed them or filed a bill of par-
ticulars of his claim for damages.   Such is not required in
the action of replevin.   The declaration in this action is for
the detention of the goods, and the damages are to be assessed
for the wrongful taking or detention.   Code 1880, sects.
2613, 2622.

The judgment by default, and the judgment on the execu-
tion of the writ of inquiry are reversed, and the cause
remanded for proceedings in accordance with this opinion.