## W. W. HOFF v. H. C. ROGERS.

PARTNERSHIP. *Replevin of firm property by partner. Remedy in equity.*
One partner cannot maintain replevin for firm property wrongfully conveyed to another by a co-partner for the individual debt of the latter. Though the right of the injured partner may be superior, if his position is not merely defensive, the remedy is in equity.

FROM the circuit court of Amite county.
HON. J. B. CHRISMAN, Judge.

Appellee, H. C. Rogers, owned a plantation in Amite county, and on the 8th of December, 1885, made a written lease of it to T. H. Rogers, for the years 1886, 1887, and 1888, for the gross sum of three hundred dollars, to be paid January 1, 1886, and the lessee went into possession and made crops on his own account, during the years 1886 and 1887. He dealt with S. Block of New Orleans, and gave him a trust deed on the crops grown on the place for each of those years to secure debts. Some time in 1886, he delivered the written lease to Block, who kept possession of it. Block

advanced the money to him to pay H. C. Rogers the rent for the three years, and this with other amounts was secured as stated.    In December, 1887, T. H. Rogers informed H. C. Rogers that he desired to surrender the lease at the end of that year, as he contemplated leaving the state.    H. C. Rogers then agreed to make advances to run the place the next year.    Thereupon they entered into a partnership agreement to conduct the planting operations for the year 1888.    T. H. Rogers was to employ laborers and attend to the planting interests, and H. C. Rogers, who was a merchant, was to furnish mules and make certain advances.    At this time H. C. Rogers did not know that the lease had been delivered to Block. Nor did Block know of the changed arrangement under which T. H. Rogers was to carry on the planting operations in partnership with H. C. Rogers for 1888.    Under the partnership agreement, a crop was made on the place in 1888, H. C. Rogers advancing a large sum on the joint or firm account, and a considerable sum to T. C. Rogers individually.

On January 9, 1888, T. H. Rogers executed a trust deed to Block, reciting an indebtedness thereafter to accrue for advances to be made, and to secure the same he conveyed certain articles of personal property, "also all the right, title and interest of said T. H. Rogers in and to the use and occupancy of said Rogers' place from the date hereof until January 1, 1889 ; also the crop of corn and cotton which may be grown on said plantation during the present year."    This trust-deed was duly filed and recorded January 12, 1888.    It was an exact counterpart of the trust-deeds given by said T. H. Rogers to Block for each of the years, 1886 and 1887.

Block made the advances to T. H. Rogers, and in October, 1888, after the crop was made, the debt not being paid, his trustee informed H. C. Rogers for the first time that he (Block) claimed the lease of the land up to January 1, 1889, under verbal transfer of the original writing.    The trustee, Hoff, then sued out a writ of replevin against T. H. Rogers, who was in possession, for thirty thousand pounds of seed cotton of the crop raised on the place that year, and the cotton was seized.    Judgment by default was taken against T. H. Rogers.    But H. C. Rogers interposed a claim for

67 MISS.—14

all the cotton in his own name, and an issue was made up for the trial of the title to the same.

On the trial of this issue the above facts were shown. Block testified that after the delivery of the lease by T. H. Rogers he considered himself the landlord for the term, and that he agreed that said T. H. Rogers should work the place and pay him any indebtedness due at the expiration of the lease; that he knew nothing of the partnership arrangement made between T. H. and H. C. Rogers in December 1887, but continued to make advances to the former, who owed him about one hundred dollars at the end of 1887, and about seven hundred dollars in October, 1888, when the suit was begun. The rent of the plantation for the three years was paid to H. C. Rogers by Block for T. H. Rogers on a draft drawn by the latter, November 15, 1886.

There was a conflict of testimony as to the terms of the partnership agreement between T. H. and H. C. Rogers, but it is not deemed necessary to set out the evidence as to this.

H. C. Rogers testified that he knew that Block had paid the rent, and that T. H. Rogers had been dealing with him, but that he had no notice of the dealings between Block and T. H. Rogers during 1888, nor of the trust-deed for that year, until just before the suit. The evidence to establish the partnership agreement was admitted over the objection of the plaintiff in replevin. Several instructions were asked on behalf of the plaintiff, but these were refused, and the court granted a peremptory instruction to find for the claimant, which was done, and a judgment was entered accordingly. The other facts necessary to an understanding of the case are stated in the opinion. Section 2628, code 1880, provides for the intervention of a third person claiming property taken under a writ of replevin; and § 2631 provides that such claimant shall be considered plaintiff.

*Cassedy & Ratcliff,* for appellant.

1. The lease of H. C. Rogers to T. H. Rogers, and his transfer thereof to Block, made him the owner of the term of three years. He then rented the place back to T. H. Rogers, and took a trust-

deed for each year.   These set out the contract between the parties, and were duly recorded, thus giving H. C. Rogers notice.   Besides, he had actual notice of the relations of the parties.   Therefore the, secret arrangement between the Rogers's could not affect the rights of Block.

2. If there was a legal contract of partnership, it was under the name of T. H. Rogers, H. C. being a silent partner, and the products of the plantation were subject to the trust-deed which bound the firm.

3. If the secret contract of partnership gave H. C. Rogers a right to his interest in the property, his remedy was in equity. Under § 2628 of the code of 1880, it was essential that he should be the absolute owner of the cotton before being entitled to a recovery.   Under § 2631 he occupied the position of plaintiff.   If he had any interest in the property, it was an undivided interest, and therefore he was not entitled to recover.   *Willis* v. *Loeb,* 59 Miss. 169.

*C. P. Neilson* and *Robert Lowry,* for appellee.

1. T. H. Rogers had the right to surrender the leased premises at any time after the rent was paid, unless he had subleased and put another in possession, and appellee had actual notice of such change.

2. The appellee had the unquestionable right to accept the surrender and take possession of his property.   Nor was it incumbent on him to go to New Orleans or elsewhere to find if any one objected to the surrender or acceptance.

3. The delivery of the original lease to Block in no wise strengthens his claim.

4. The place was surrendered by T. H. Rogers, and possession given to appellee, and the contract for the cultivation of it, December, 1887, before the third deed of trust to Block was executed; and at the time of this transaction, T. H. Rogers was not in debt to Block.

5. The deed of trust in 1888 is dated January 9th, and recites no previous indebtedness.

Opinion of the court.

6. It follows that the plaintiff in replevin has the right to. the immediate possession of the property, and that the court properly gave the instruction, " that the jury find for the claimant, H. C. Rogers."

CAMPBELL, J., delivered the opinion of the court.

A result was reached in this case which a chancery court would approve, but under our execrable system of separate administration of law and equity the successful party must be deprived of his victory, because obtained in a court of law when it should have been in a court of chancery. The case made by the evidence is that of a partnership between H. C. Rogers and T. H. Rogers for the planting operations of the year 1888, and a deed of trust by T. H. Rogers to Block for his individual debt. Replevin was brought against T. H. Rogers, who was in possession of the cotton, and a recovery had against him by the trustee in the deed of trust. H. C. Rogers, the injured partner, brought replevin, when he should have resorted to chancery, for one partner, or part owner or tenant in common, cannot maintain an action at law for the joint property against another co-owner. This is settled law. If the position of H. C. Rogers was merely defensive, it would be different, but he is an actor asserting a right to recover the cotton against him who has recovered it from T. H. Rogers, who had possession of it, and as such he has no standing in a court of law.

We regret the impotence of the court in which the cause was pending to redress the wrong, and enforce the right of the suitor, but after exhausting all effort to find some ground on which to maintain the right of the appellee in a court of law, are constrained by settled rules regretfully to drive him from the temple of justice, taxed with costs, not because he has not a meritorious cause, but because he mistook that particular apartment in the temple where suitors such as he should apply.

*Reversed and remanded.*