F. M. LEWIS *v.* J. E. McCRACKEN, TRUSTEE.

[42 South. Rep., 671.]

1. REPLEVIN. *Parties.  Intervener.  Code* 1892, § 714.

    A third person is not authorized to intervene in replevin and con-
test plaintiff's right to the property in controversy under Code
1892, § 714, providing that third persons having a claim to the
property may be made parties at the instance of a *defendant*
who by affidavit, before plea filed, discloses such claim and sub-
mits the question of payment or disposition of the subject of the
action to the direction of the court, the code provision being for
the protection of defendants only.

2. SAME. *Joint interest.  Jurisdiction.  Remedy.*

    One claiming a joint interest with plaintiff in personal property
has no right to intervene in replevin and contest plaintiff's right,
his remedy being in equity.

FROM the circuit court of Grenada county.

HON. JOSEPH T. DUNN, Judge.

Lewis, the appellant, was plaintiff in the court below;
McCracken, trustee, the appellee, was claimant and defendant

there. From a judgment in plaintiff's favor defendant, the claimant, appealed· to the supreme court. The facts are sufficiently stated in the opinion of the court.

*Cowles Horton,* for appellant.

Plaintiff's demurrer shows, on its face, that he has misconceived defendant's position. The vice about it lies in the fact that he evidently believes that this claim is filed under sec. 3730 of the code of 1892. McCracken came in under an entirely different statute. Section 714, code of 1892.

All of the requirements relate only to the method of getting the claimant into court. When he is in, that part of the statute is never again referred to in the trial of the cause. Being in court, he becomes a defendant and the original plaintiff remains the plaintiff still. Not only can the third party defend for all the property, but he can likewise defend for a part of the property. In this case, there was no affidavit of the original defendants; no order that the third party be cited; no summons issued and served; but, as we believe, none of these things are necessary where he voluntarily appears to defend. What is the use of a summons, when the defendant appears? Upon the same reasons, of what use is the affidavit, or the order of court, which merely authorizes the summons, when the summons is not necessary ? None at all. The affidavit, the order and the summons are all for the benefit of the third party, and, incidentally, for the benefit of the original defendant. If none of them are given, the plaintiff cannot complain, because none of his rights have suffered. The case of *Ettringham* v. *Handy,* 60 Miss., 334, is very plain on the decided difference between the two sections, and confirms the conclusions we have reached. As said in *Kohlman* v. *Bank,* 71 Miss., 843, the object of sec. 714 is essentially to get the proper parties before the court.

Counsel for plaintiff relied upon, and the learned court below misconstrued, *Hoff* v. *Rogers,* 67 Miss., 209, as fitting this case. In *Hoff* v. *Rogers,* this sec. 714 was not touched at all, nor did

Rogers interpose a claim under sec. 714. He brought replevin and did not sustain his action, because he was only a part owner of the property sought to be recovered.

*S. A. Morrison,* for appellee.

A part owner, joint owner, or tenant in common cannot prosecute an action of replevin against his co-owner; nor can he interpose the claimant's issue, either under secs. 714 or 3730 of the code of 1892. *Willis* v. *Loeb,* 59 Miss., 169; *Hoff* v. *Rogers,* 67 Miss., 208. Both of these cases are squarely in point. The case of *Hoff* v. *Rogers,* presenting exactly the same facts as the case at bar, even the subject-matter and the default being the same, and this court reluctantly held that the claimant could not maintain his position. At that time sec. 714 of the code of 1892 was sec. 1578 of the code of 1880, and sec. 3730 of the code of 1892 was sec. 2628 of the code of 1906.

There is not the slightest conflict between these sections; they are intended to meet different conditions. The trouble is with complainant, who tries to make sec. 714 fit a condition of facts which it never was intended to meet. Section 714 was not made for the benefit of a claimant; it was intended for the protection of the original defendant.

CALHOON, J., delivered the opinion of the court.

Lewis brought replevin for two bales of cotton. The defendants to that action made default, and thereupon McCracken voluntarily applied to be made defendant, as claimant of three-fourths of the two bales; and in the justice's court, on trial of the claim, Lewis won, and McCracken appealed to the circuit court, where Lewis demurred to his petition to become defendant, because it showed on its face that he was, "at most, but a part owner, joint owner, or tenant in common," with Lewis. This demurrer was sustained and judgment rendered for Lewis, and McCracken appeals to this court.

Because McCracken's petition to be made defendant says it is filed under sec. 714, Code 1892, cannot change the legal status. That statute was made to protect the original defendants, if they desired to disclaim and become mere stakeholders for third parties who, they were informed, had an interest. Without this Lewis had the right to the cotton and costs in a law court against the world in that action. It was not the design to permit a stranger to become, in fact, a plaintiff in replevin against the successful plaintiff in that very action of replevin. If the law court had taken the jurisdiction, sec. 147 of the constitution might apply; but by the action on the demurrer the jurisdiction was refused, and plainly the jurisdiction was in equity, and not at law, the claim being for possession of an individual joint interest in personal property. *Ettringham* v. *Handy,* 60 Miss., 341, 342; *Hoff* v. *Rogers,* 67 Miss., 208 (7 South. Rep., 358; 19 Am. St. Rep., 301); *Willis* v. *Loeb,* 59 Miss., 169–174—all cited by counsel. It is conceded that sec. 3730, Code 1892, does not apply.

*Affirmed.*